**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| NUANCE COMMUNICATIONS, INC, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:08-cv-102-DF |
| | § | |
| VLINGO CORP. | § | **JURY TRIAL DEMANDED** |
| | § | |
|    Defendant. | § | |
| | § | |

## VLINGO CORPORATION'S ANSWER AND JURY DEMAND

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and the Local and Patent Rules of the Court, Defendant vlingo Corporation ("vlingo") answers the allegations of Nuance Communications, Inc.'s ("Nuance") Complaint (the "Complaint"):

**I.**

**NATURE OF THE ACTION**

1. Vlingo admits that Nuance has alleged patent infringement in this action and that Nuance seeks damages and a permanent injunction. Vlingo denies that Nuance has alleged infringement of "patents" in this action. Vlingo lacks sufficient knowledge and information to admit or deny whether Nuance owns any "patents relating generally to the field of voice recognition products and services." To the extent a response is required, vlingo denies such allegation.

## II.

## THE PARTIES

2.     Vlingo lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 2 of the Complaint. To the extent a response is required, vlingo denies each and every one of such allegations.

3.     Vlingo denies that it is a Massachusetts corporation incorporated under the laws of the Commonwealth of Massachusetts, but admits that its principal place of business is located at 17 Dunster Street, Cambridge, MA 02138.

## III.

## JURISDICTION AND VENUE

4.     Vlingo admits that Nuance has alleged a patent infringement action. No answer is required to the remaining allegations contained in Paragraph 4 of the Complaint, which merely state conclusions of law. To the extent a response is required, vlingo denies each and every one of such allegations.

5.     Vlingo admits that it products are offered "via websites" to the general public, but is without knowledge and information to admit or deny whether such websites are "accessible in the district" and if "users have actually used [vlingo's] product in the Eastern District of Texas." No answer is required to the remaining allegations of Paragraph 5 of the Complaint, which merely state conclusions of law. To the extent a response is required, vlingo denies each and every one of such allegations.

6.     No answer is required to the remaining allegations contained in Paragraph 6 of the Complaint, which merely state conclusions of law. To the extent a response is required, vlingo denies each and every one of such allegations.

## IV.

## FIRST CLAIM FOR RELIEF

## (INFRINGEMENT OF THE '295 PATENT)

7. The responses in Paragraphs 1-6 are incorporated herein by reference.

8. Vlingo admits that U.S. Patent No. 6,766,295 (the "'295 patent") is entitled "Adaptation Of A Speech Recognition System Across Multiple Remote Sessions With A Speaker," that such patent lists as its named inventors Hy Murveit and Ashvin Kannan, and that such patent states on its face that it was issued by the United States Patent & Trademark Office on July 20, 2004. Vlingo further admits that a copy of the '295 patent is attached to the Complaint as Exhibit A. Vlingo lacks sufficient knowledge or information to admit the remaining allegations of Paragraph 8 of the Complaint. To the extent a response is required, vlingo denies each and every one of such allegations.

9. Vlingo admits that it sells "products and services" to Yahoo!, but denies the remaining allegations of Paragraph 9 of the Complaint.

10. Vlingo denies the allegations in Paragraph 10 of the Complaint.

11. Vlingo denies the allegations in Paragraph 11 of the Complaint.

## V.

## PRAYER FOR RELIEF

12. No answer is required to Paragraph 12 of the Complaint, as it merely states a prayer for relief. To the extent a response is required, vlingo denies each and every one of such allegations.

13. No answer is required to Paragraph 13 of the Complaint, as it merely states a prayer for relief. To the extent a response is required, vlingo denies each and every one of such allegations.

14. No answer is required to Paragraph 14 of the Complaint, as it merely states a prayer for relief. To the extent a response is required, vlingo denies each and every one of such allegations.

15. No answer is required to Paragraph 15 of the Complaint, as it merely states a prayer for relief. To the extent a response is required, vlingo denies each and every one of such allegations.

16. No answer is required to Paragraph 16 of the Complaint, as it merely states a prayer for relief. To the extent a response is required, vlingo denies each and every one of such allegations.

17. No answer is required to Paragraph 17 of the Complaint, as it merely states a prayer for relief. To the extent a response is required, vlingo denies each and every one of such allegations.

## AFFIRMATIVE DEFENSES

Vlingo asserts the following affirmative defenses, without removing or altering the applicable burdens of proof, and reserves its rights to assert in the future such other and further defenses as may become available or apparent during discovery any other pretrial proceedings.

### First Affirmative Defense

This forum is improper as it is inconvenient for the parties (and likely third party witnesses) and does not serve the interests of justice.

### Second Affirmative Defense

Pursuant to Fed. R. Civ. P. 12(b)(3), venue is improper in this judicial district.

### Third Affirmative Defense

Vlingo has not infringed, induced infringement of, or contributed to infringement of any claim of the '295 patent.

### Fourth Affirmative Defense

One or more claims of the '295 patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code § 101, *et seq.*, including, without limitation, §§ 102, 103, 112, and/or 116.

### Fifth Affirmative Defense

Each of Nuance's claims against vlingo are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, unclean hands, acquiescence, and any other applicable equitable doctrine.

### Sixth Affirmative Defense

Nuance's claims for damages against vlingo are barred, in whole or in part, by 35 U.S.C. §§ 286-287.

### Seventh Affirmative Defense

Nuance is barred from asserting any range of equivalents under the doctrine of equivalents and/or by the doctrine of prosecution history estoppel.

### JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), vlingo hereby demands a trial by jury on all issues so triable.

Dated:  August 21, 2008     Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone No. (903) 509-5000
Facsimile No.  (903) 509-5092
jainsworth@wilsonlawfirm.com

Steven M. Bauer (admitted *pro hac vice*)
Benjamin M. Stern (admitted *pro hac vice*)
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110
Telephone No.:  (617) 526-9700
Facsimile No.:  (617) 526-9899
sbauer@proskauer.com
bstern@proskauer.com

**ATTORNEYS FOR DEFENDANT VLINGO CORP.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, pleading was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on August 21, 2008.

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth