UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11414-RWZ

NUANCE COMMUNICATIONS, INC.

v.

VLINGO CORP.

ORDER
June 18, 2010

ZOBEL, D.J.

The parties are competitors in the field of voice recognition and plaintiff Nuance Communications, Inc., has charged defendant Vlingo Corp. with infringing its U.S. Patent 6,766,295.  The immediate dispute concerns the parties' differing interpretations of their Stipulated Protective Order (Docket # 38) that had been approved by the predecessor court.  It establishes three categories of confidentiality, "Confidential," "Attorneys' Eyes Only" and "Extremely Sensitive - Outside Counsel's Eyes Only" and, in broad terms, defines the type of material that fits within each category (Paragraphs 3, 4, and 5, respectively).  It also includes a mechanism for challenging Confidentiality Designations (Paragraphs 36-38).  In accordance with Paragraph 38, defendant has moved for a protective order that 38 specified documents shall be produced under the Extremely Sensitive label.  It states that they "contain some of Vlingo's most sensitive business information, namely detailed information about current and future business strategy with respect to customers and competitors (including Nuance), and documents

revealing the details of its agreements with its customers (including financial arrangements), as well as the names of non-public customers." Defendant considers this information to be so sensitive as to be a trade secret, particularly so because defendant is a small start-up that could easily be destroyed by the dissemination of this information.

Plaintiff suggests that the documents defendant seeks to protect are all included within the definition of Paragraph 4 of the Order, the "Attorneys' Eyes Only" category. It applies to "proprietary financial or technical or commercially sensitive competitive information" and "information relating to ... strategic plans, non-public financial data ... the disclosure of which is likely to cause harm to the competitive position of" defendant. However, even as to those documents, Paragraph 38 of the Order provides protection if defendant deems them to be "of extreme sensitivity comparable to software code." That is precisely how defendant has characterized the documents in issue, and the exhibits to the motion appear to support its position.

The motion for a protective order is allowed.


    June 18, 2010                               /s/Rya W. Zobel
        DATE                                     RYA W. ZOBEL
                                                UNITED STATES DISTRICT JUDGE