**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., ) | |
| ) | |
|       *Plaintiff*, ) | Civil Action No. 09-CV-11414 (RWZ) |
| ) | |
| v. ) | |
| VLINGO CORP., ) | |
| ) | JURY TRIAL DEMANDED |
|       *Defendant*. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT VLINGO CORP.'S MOTION FOR PROTECTIVE ORDER TO**
**RESCHEDULE DEPOSITIONS OF HAN SHU AND JOE CERRA**

     Defendant Vlingo Corp. ("Vlingo") respectfully submits this memorandum of law in support of its Motion for a Protective Order rescheduling the depositions of Han Shu and Joe Cerra to dates after the Court decides Vlingo's motion for a stay of this case pending reexamination of the patent in suit. This motion is being filed at the insistence of California counsel for plaintiff, Nuance Communications, Inc. (Nuance), who informed the undersigned that Vlingo's written objections to the depositions are insufficient. For the reasons set forth below, Vlingo requests that this motion should be granted.

**BACKGROUND**

     Vlingo filed a request for reexamination of the sole patent-in-suit, U.S. patent number 6,766,295 ("the '295 patent"), with the Patent & Trademark Office ("PTO") on July 30, 2010. The reexamination request was granted on October 22, 2010. At the Status Conference of November 4, 2010, the Court set a briefing schedule for Vlingo's motion to stay this case pending resolution of the reexamination process. Pursuant thereto, Vlingo's opening brief was filed on November 18, 2010 and Nuance's opposition brief is due to be filed on or before

December 9, 2010.  The Court indicated that a decision on the motion to stay would be made in short order following the briefing thereon.

## ARGUMENT

On November 8, 2010, four days after the Court set the briefing schedule for Vlingo's motion to stay, Nuance served the deposition notices for Messrs. Shu and Cerra that are the subject of this motion. *See* Exs. A & B.  Nuance noticed Mr. Shu's deposition for Monday, November 22, 2010 and Mr. Cerra's deposition for Tuesday, November 23, 2010. *Id.* Notwithstanding that the dates picked by Nuance are during the week of Thanksgiving, counsel for Nuance did not contact counsel for Vlingo in advance to discuss a convenient date and time for these depositions.  Instead, Nuance unilaterally selected two dates in the week of Thanksgiving, which are not convenient.  Moreover, proceeding with the depositions before the Court decides the pending motion to stay makes no sense and could result in a waste of time and resources should the motion to stay be granted.

Vlingo has tried in good faith to resolve this discovery dispute without the Court's intervention.  On November 17, 2010, Vlingo timely served counsel for Nuance with written objections to the two deposition notices, citing the Court's briefing schedule for Vlingo's motion to stay and Vlingo's attempts to preserve its very limited resources (in accordance with the Court's prior direction at the earlier July 14, 2010 Status Conference that the parties should proceed lightly with discovery during the reexamination proceedings). *See* Exs. C & D.  Vlingo proposed postponing the two depositions until the Court decides Vlingo's motion to stay. *Id.* Nuance refused Vlingo's suggestion and insisted on proceeding with the depositions next week. Ex. E.  Nuance's California counsel also insisted that the written objections were insufficient and that Vlingo should file this formal motion for protective order. *Id.*

2

Counsel for Nuance stated that they would be willing to reschedule these depositions to December 6 and 7, 2010 if the motion to stay is not granted by then. *Id.* As the motion for stay may not be decided by those dates, however, this was an unacceptable offer. Vlingo is willing to make these individuals available for deposition should the Court deny the motion for stay. Notably, Nuance has never taken a substantive deposition since the inception of this case over two years ago. Nuance's sudden urge to take depositions − four days after the Court set a briefing schedule for Vlingo's motion to stay − apparently grew out of Nuance's intent to cite the requested notices in opposition to Vlingo's motion to stay in an effort to argue that the parties are vigorously pursuing discovery in this case, which they are not pending reexamination (in accordance with the Court's direction).

The Court may, for good cause, issue an order to protect a party or person from "annoyance, embarrassment, oppression, or *undue burden or expense*." Fed.R.Civ.P. 26(c)(1) (emphasis added). The two depositions, if held next week, would undoubtedly incur unnecessary and undue expenses to both parties in the event that the Court grants Vlingo's motion to stay pending reexamination. Nuance's insistence on taking depositions at this point, and forcing Vlingo to file this motion, is unsurprisingly consistent with its tactic of maximizing financial stress to and eventually eliminating Vlingo, a startup competitor. In addition, the requested postponement of the two depositions will be short and, thus, will not cause unjust prejudice to Nuance since the Court has stated that Vlingo's motion to stay will be decided shortly after the briefing concludes in early December 2010.

## **CONCLUSION**

For the reasons set forth above, Vlingo requests that this motion should be granted and the depositions of Messrs. Shu and Cerra be postponed until this Court decides Vlingo's pending motion to stay, should the motion be denied.

Date:  November 19, 2010                           **VLINGO CORPORATION**

                                                /s/ Dean Bostock
Paul J. Hayes (BBO# 227000)
  pjhayes@mintz.com
Dean G. Bostock (BBO# 549747)
  dgbostock@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
     AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

**Attorneys for the Defendant**

## CERTIFICATE OF SERVICE

      The undersigned certifies that on November 19, 2010, the foregoing document filed through the ECF system will be sent electronically to the registered participants

                                                    /s/ Dean Bostock

5081676-2