**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| NUANCE COMMUNICATIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:09-cv-11414-RWZ |
| v. | ) ) | |
| VLINGO CORP., | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF NUANCE COMMUNICATIONS, INC.'S**
**OPPOSITION TO VLINGO CORP.'S MOTION FOR PROTECTIVE ORDER**

After years of discovery delays and with just five months left until trial, Vlingo has now refused to produce two important witnesses for deposition on technical issues in this case (including infringement). Witnesses Han Shu and Joe Cerra are both long-time Vlingo engineers with intimate knowledge of the infringing Vlingo products. Vlingo does not deny that these witnesses are in possession of highly relevant information and that their depositions are well within the authorized bounds of the Discovery Order (*see* Dkt. No. 11).[1] Indeed, Vlingo openly admits that these are among the very first depositions to be noticed in the case, reflecting that Nuance has carefully tailored its deposition discovery efforts. Nevertheless, rather than await the Court's decision on Vlingo's stay request (*see* Dkt. Nos. 95 & 99), Vlingo has unilaterally decided that these depositions should not go forward, thus granting itself an effective stay in advance of the Court's actual decision on the matter. The Court should reject Vlingo's latest

---

[1] The Discovery Order permits "100 hours for depositions of fact witnesses per side." Dkt. No. 11 at 3. Nuance has used about five hours thus far. The additional two depositions would take another 14 hours at most—in other words, still putting Nuance at less than 20 percent of the total deposition time available to it in this case.

attempt at discovery obstruction and delay, and order that Nuance's depositions go forward as noticed.[2]

"In assessing whether to issue a protective order, courts generally balance the harm to defendant against the relevance of and the necessity for the information." *Multi-Core, Inc. v. Southern Water Treatment Co.*, 139 F.R.D. 262, 264 (D. Mass. 1991). In this case, any further delay of these depositions will seriously prejudice Nuance's ability to complete discovery (including expert discovery) in preparation for trial, which is currently scheduled to begin on **May 2, 2011**.[3] For example, under the Local Rules of this District, expert reports are to be exchanged "at least 90 days before the final pretrial conference." *See* L.R. 26.4(a). Thus, it is only a matter of weeks before Nuance will need to serve its expert reports on infringement and other issues (likely in January 2011). Given the limited amount of technical discovery Vlingo has provided to date regarding its infringing products, Nuance has no choice but to pursue deposition discovery immediately in order to obtain the relevant technical information to be included in these expert reports. Nuance further anticipates that the requested deposition discovery will be relevant to Nuance's pre-trial preparations on several other issues, such as willfulness and damages.

Contrary to the suggestion in its motion (*see* Motion at 3), Vlingo's prolonged failure to provide full discovery thus far in this case does not justify its present refusal to provide witnesses

---

[2] Although Vlingo complains that it has filed its motion for a protective order solely "at the insistence" of Nuance, it is the Federal Rules of Civil Procedure and the unambiguous caselaw in this District that impose this procedural requirement on Vlingo (as Nuance explained to Vlingo before it filed its motion). *See, e.g., East Boston Ecumenical Community v. Mastrorillo*, 133 F.R.D. 2, 4 (D. Mass. 1990) ("[A] party cannot unilaterally decide that he or she is not going to attend a duly-noticed deposition without at least applying for a protective order before the time set for the deposition. . . . [H]e cannot unilaterally call a halt to legal proceedings which have been brought against him.").

[3] Nuance has already delayed the originally proposed deposition dates by *two weeks* as a professional courtesy to Vlingo. Nuance did this immediately upon learning that the originally noticed deposition dates were allegedly "inconvenient" for the witnesses. *See* Motion Ex. E.

for deposition. Nuance sought relevant documents and interrogatory responses from Vlingo at the outset of this case with the express indication that Nuance wished to focus on deposition discovery only *after* it had received and reviewed Vlingo's complete responses to this initial wave of discovery requests. Ex. 1 (2/3/2009 Letter to Vlingo). Vlingo refused to provide the requested discovery, and Nuance was forced to file a motion to compel, which this Court ultimately granted in relevant part. Dkt. No. 72. When Vlingo still continued to withhold complete responses (notwithstanding the Court's order), Nuance had to file a second motion to compel seeking the necessary technical information regarding Vlingo's accused products. Dkt. No. 84. In response, Vlingo attempted further delay by filing a meritless cross-motion[4] and representing at a hearing that it would be willing to produce the requested information without the need for a Court order. Now, months after that hearing, Vlingo has yet to supplement its responses with the missing information, and Nuance has filed a third request with the Court (which is still pending) in an attempt to obtain the withheld technical information. Dkt. No. 93.

At this point, given the rapidly approaching trial date and after literally years of unsuccessfully attempting to obtain basic technical information from Vlingo regarding its infringing products, Nuance cannot afford to wait any longer to depose these key Vlingo engineers. Although Nuance had hoped to obtain a complete set of documents and written discovery responses regarding Vlingo's accused products *before* deposing Vlingo's technical employees, it now has no choice but to proceed immediately with these initial depositions.

---

[4] The only purported deficiency Vlingo identified in its cross-motion had to do with Nuance's original response to Vlingo Interrogatory No. 7. Dkt. No. 89 at 2 n.2 & 6-7. Upon learning of Vlingo's request for further information, Nuance conducted a further investigation and voluntarily provided a supplemental interrogatory response. Vlingo later revealed that it had not even looked at Nuance's supplemental response to this supposedly critical interrogatory; in its motion to stay, Vlingo cited the old interrogatory response without mentioning that Nuance had provided a supplementation weeks earlier (*see* Dkt. No. 95 at 4 & Ex. F).

Under these circumstances, the discovery Nuance seeks is indisputably "relevant" and "necessary." *Multi-Core, Inc.*, 139 F.R.D. at 264.

By contrast, Vlingo fails to demonstrate "a particular factual demonstration of potential harm" if the depositions go forward as noticed. *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7-8 (1st Cir. 1986). As the movant, Vlingo must satisfy its "burden . . . to make [a] specific demonstration of necessity for [a] protective order." *Id.* Yet Vlingo cites no facts demonstrating any likelihood of harm or difficulty in proceedings with these two depositions (*e.g.*, illness or preplanned travel on the part of Messrs. Shu and Cerra), much less the type of "**clearly defined and serious injury**" required to justify a protective order under Rule 26. *See Johnson v. Geico Casualty Co.*, 2010 U.S. Dist. LEXIS 68801 at *29 (D. Del. July 9, 2010) (emphasis added); *see also Crossley v. Iroquois Foundry Co., Inc.*, 1992 U.S. Dist. LEXIS 7368, *6 (E.D. Pa. May 18, 1992) (movant must show it will be "**substantially prejudiced**" or suffer "**clear injustice**" if discovery goes forward) (emphasis added).

Significantly, the caselaw makes clear that the usual efforts associated with complying with ordinary discovery requests do not, in and of themselves, constitute "**undue** burden or expense." *Crossley*, 1992 U.S. Dist. LEXIS 7368 at *8-9 ("Undoubtedly, some inconvenience will be caused by the . . . depositions. Such inconvenience, however, is not grounds for limiting discovery.").[5] By the same token, the mere fact that a dispositive motion or motion to stay may be pending is not a basis for blocking otherwise proper discovery under the Federal Rules. *See, e.g.*, *Heartland Jockey Club Ltd. v. Penn Nat'l Gaming*, 2009 U.S. Dist. LEXIS 123052, *11

---

[5] Nuance has nevertheless made efforts to minimize any inconvenience to the witnesses. For example, Nuance noticed the depositions to take place in the Boston area, which it understands is convenient to where the witnesses reside. Furthermore, as noted earlier, Nuance has already demonstrated flexibility in offering to reschedule the originally noticed deposition dates to other dates that would not be "inconvenient." Notably, Vlingo has yet to propose to Nuance any alternate dates.

(S.D. Ohio Dec. 21, 2009) ("[T]he Federal Rules of Civil Procedure do not provide (and have never provided) for an automatic stay of discovery during the pendency of any type of case dispositive motion . . . ."); *West v. J.C. Penney Corp.*, Civ. No. 6:08-cv-212 (E.D. Tex. July 8, 2009) (denying motion for protective order to postpone deposition; pending motion to stay deemed "not [a] sufficient reason[] to postpone discovery in this case").

In summary, given that trial is only five months away, the need for Nuance to obtain this important technical discovery in advance of expert report deadlines and other pre-trial activities clearly outweighs any nonexistent harm to Vlingo in proceeding with the depositions as noticed. There is simply no "good cause" for Vlingo's proposed protective order. Accordingly, the Court should deny Vlingo's motion and order that the depositions of Messrs. Shu and Cerra go forward.

|  |  |
|---|---|
| Of counsel:<br><br>Morgan Chu, *pro hac*<br>Jonathan Kagan, *pro hac*<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067<br>(310) 277-1010<br><br>David McPhie, *pro hac*<br>Rebecca Clifford, *pro hac*<br>IRELL & MANELLA LLP<br>840 Newport Center Dr., Suite 400<br>Newport Beach, California 92660<br>(949) 760-0991<br><br>Dated: December 2, 2010 | Respectfully submitted,<br><br>NUANCE COMMUNICATIONS, INC.,<br><br>  /s/ Scott McConchie                   <br>Thomas F. Maffei (BBO 313220)<br>Scott McConchie (BBO 634127)<br>GRIESINGER, TIGHE & MAFFEI, LLP<br>176 Federal Street<br>Boston, Massachusetts 02110<br>(617) 542-9900 |

**Certificate of Service**

      I, Scott McConchie, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 2, 2010.

                                               /s/ Scott McConchie
                                               Scott McConchie