# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CALIFORNIA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7092
JKAGAN@IRELL.COM

January 3, 2011

The Honorable Rya W. Zobel
United States District Court
for the District of Massachusetts
One Courthouse Way
Boston, MA 02210

      Re:    *Nuance Communications, Inc. vs. Vlingo Corp.*
               Case No. 09-cv-11414 (RWZ) (D. Mass.)

Dear Judge Zobel:

      We write on behalf of Nuance Communications, Inc. ("Nuance"), plaintiff in the above-referenced matter. On December 27, 2010, Vlingo Corp. ("Vlingo") filed a document called "Identification of Issue to be Tried." Dkt. No. 103. This document contained a number of factual misrepresentations that need to be corrected as the Court considers the parties' respective filings (*i.e.*, Dkt. Nos. 103 and 104).[1]

      Vlingo claims that Nuance "admitted that it has not sold or offered for sale any embodiments of the '295 patent." Dkt. No. 103 at 4. This statement is false. Nuance has expressly identified numerous current Nuance products that embody the '295 patent, for example, "Nuance Voice Control 2.0 and Nuance mobile dictation applications, including those for the iPhone, Blackberry and Android." Ex. A (Nuance Interrogatory Responses) at 4. Vlingo made the same misrepresentation in its recent motion to stay. Vlingo's misrepresentation is based on a March 2009 interrogatory response, which Nuance subsequently supplemented to identify the specific products embodying the '295 patent; Vlingo cites to the original response, but ignores the supplement. When Vlingo previously made this misrepresentation, Nuance corrected Vlingo and directed it to Nuance's supplemental interrogatory response. *See* Dkt. No. 99 at 4 n.9. Thus, Vlingo repeated this representation with full knowledge that it is incorrect.

      Vlingo's recent filing also claims that Nuance is "withhold[ing]" source code that is purportedly responsive to Vlingo's fourth set of requests for production. *See* Dkt. No. 103 at 2 & Ex. B. But Vlingo did not even serve these requests for production until December 3,

---

[1] While Nuance disagrees with many of Vlingo's arguments, this letter is not intended to address the merits of any of Vlingo's arguments; the purpose of this letter is merely to correct the factual record.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

The Honorable Rya W. Zobel
January 3, 2011
Page 2

2010, and Nuance's responses are *not even due until January 6, 2011.* Nuance cannot be "withholding" code whose purported production is not even yet required under the Federal Rules. In fact, as Nuance has already notified Vlingo, Nuance is in the process of collecting source code to produce in response to Vlingo's most recent request, as well as other Nuance and IBM source code that Vlingo requested earlier.

Finally, Vlingo asserts that the May 2011 trial should not address Vlingo's products that incorporate AT&T technology (as opposed to IBM technology) because "very little discovery has been taken" regarding the AT&T technology. Dkt. No. 103 at 2 n.2. Vlingo falsely implies a lack of diligence on Nuance's part, when in fact, *Nuance has been trying to obtain discovery regarding the AT&T technology for over nine months.* When Vlingo repeatedly refused to provide this discovery, Nuance was forced to file a motion to compel, which this Court granted on December 15, 2010. Dkt. Nos. 87 & 102. Thus, assuming Vlingo has fully complied with this Court's Order, Vlingo has produced substantial discovery relating to the AT&T technology used by Vlingo that is at issue in this case.

Sincerely,

Jonathan S. Kagan

cc: Dean Bostock, Esquire

2361083.1