## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NUANCE COMMUNICATIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 09-cv-11414 (RWZ) |
| VLINGO CORP., | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT VLINGO CORP.'S TRIAL BRIEF

Pursuant to Local Rule 16.5(f) defendant, Vlingo Corporation ("Vlingo"), hereby submits its trial brief in connection with the above-captioned matter.

**I.   INTRODUCTION**

   **A.   Issues Remaining in This Case**

The trial scheduled to commence on July 18, 2011 is limited to the issues of infringement and invalidity of the patent-in-suit, U.S. Patent No. 6,766,295 ("the '295 patent"). Plaintiff, Nuance Communications, Inc. ("Nuance"), alleges that Vlingo infringes the '295 patent and that Vlingo has done so willfully. Vlingo denies all infringement and asserts that the asserted claims of the '295 patent are invalid. Vlingo has also filed a motion to amend the pleadings to add a defense of patent misuse and a counterclaim for unfair competition.

   **B.   Issues That Have Been Disposed of or Are Governed by Law of the Case**

The Court has conducted claim construction of certain language contained in the asserted claims of the '295 patent. The Court's claim construction is set forth in Docket No. 77.

## II. SUMMARY OF VLINGO'S DEFENSES AND COUNTERCLAIMS

In defense of Nuance's claims of infringement and willful infringement, Vlingo will show that it does not and has not infringed the '295 patent, and that Nuance has failed in its burden of proving infringement. Vlingo will further show that it has not, and that Nuance has not shown that Vlingo has, acted in reckless disregard of an objectively high likelihood that its actions have constituted infringement of a valid claim, which is the threshold standard that Nuance must meet in order to show willful infringement.

Vlingo has raised additional affirmative defenses that the asserted claims of Nuance's '295 patent are invalid. Vlingo will show that the asserted claims of the '295 patent are invalid as anticipated by and/or obvious in view of certain prior art references and for failure to comply with 35 U.S.C. § 112 as set forth in the expert reports of Dr. Jordan Cohen.

## III. DETAILED EXPLANATION

### A. Vlingo Does Not Infringe and Has Not Infringed the Asserted Claims of the '295 Patent

Vlingo will show that it does not infringe the asserted claims of the '295 patent, either literally or under the doctrine of equivalence, and that Nuance has not and cannot meet its burden on these issues.

To prove infringement of an asserted claim, Nuance must show, by a preponderance of the evidence, "the presence of every [claim] element or its substantial equivalent in the accused device." *Zygo Corp. v. Wyco Corp.*, 79 F.3d 1563, 1568 (Fed. Cir. 1996). The first step of an infringement analysis, construction of the asserted claims, is a matter of law exclusively within the province of the court. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). As noted above, this Court construed disputed claim terms in its

claim construction order. *See* Dkt. No. 77. The second step of an infringement analysis, determining whether each and every limitation of a claim is found in the accused product, is a question of fact. *TechSearch, LLC v. Intel Corp.*, 286 F.3d 1360, 1369 (Fed. Cir. 2002).

A patent claim may be "literally infringed" or it may be infringed under the "doctrine of equivalents." "To establish literal infringement, all of the elements of the claim, as correctly construed, must be present in the accused system." *Netword, LLC v. Centraal Corp.*, 242 F.3d 1347, 1353 (Fed. Cir. 2001). "If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000).

Infringement by equivalents occurs when, although a claim element does not have a literal counterpart in the accused device, there is some structure or step in the accused device that is a substantial equivalent of the claimed element. *Graver Tank & Manufacturing Co. v. Linde Air Products Co.*, 339 U.S. 605, 608 (1950). "For infringement by equivalency, all of the elements of the claimed invention or an equivalent thereof must be present in the accused system." *Netword*, 242 F.3d at 1354. There can be no infringement, either literally or under the doctrine of equivalents, when a claim element is completely missing from the accused device or method, i.e., when the device or method does not have any structure or step that corresponds to the claim element. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 833 F.2d 931, 936 (Fed. Cir. 1987) (en banc). The doctrine of equivalents cannot be used by a patentee "to remove entirely ... limitations from the claim." *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1424; *see also Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 29 (1997) ("It is important to ensure that the application of the doctrine, even as to an individual element, is not allowed

such broad play as to effectively eliminate that element in its entirety."); *Tronzo v.Biomet, Inc.,* 156 F.3d 1154, 1160 (Fed. Cir. 1998) ("If a theory of equivalence would vitiate a claim limitation, however, there can be no infringement under the doctrine of equivalents as a matter of law.").

The doctrine of equivalents also does not allow a patent claim to encompass subject matter that could not have been patented. Even if the accused product would otherwise infringe the patent under the doctrine of equivalents, "there can be no infringement if the asserted scope of equivalency of what is literally claimed would encompass the prior art." *Wilson Sporting Goods Co. v. David Geoffrey & Associates,* 904 F.2d 677, 683 (Fed. Cir. 1990), *overruled in part on other grounds, Cardinal Chem. Co. v. Morton Intl., Inc.,* 508 U.S. 83 (1993). "Nor may [the doctrine of equivalents] allow coverage of obvious, or 'trivial,' variation[s] of the prior art ... for such subject matter could not have been patented in the first instance." *K-2 Corp. v. Salomon S.A.,* 191 F.3d 1356, 1367 (Fed. Cir. 1999).

Whether there is infringement under the doctrine of equivalents turns on the substantiality of the differences between the accused device or process and the claimed invention. *WarnerJenkinson,* 520 U.S. at 39-40. The analysis is done on an element-by-element basis. That is, for each limitation in the claim that is not literally met, an equivalent must be present in the accused device or process for there to be infringement. If the differences between each claim element and each corresponding structure or step in the accused device are found to be insubstantial, then infringement under the doctrine of equivalents may be met. *Id.; Sage Products, Inc. v. Devon Industries, Inc.,* 126 F.3d 1420, 1423 (Fed. Cir. 1997). One formulation for determining the substantiality of the differences is whether the structure or step

in the accused device "performs substantially the same function in substantially the same way to obtain the same result" as the claimed element. *Warner-Jenkinson,* 520 U.S. at 38.

The doctrine of equivalents also cannot be applied to claim elements that were added by amendment during prosecution to overcome a prior art rejection. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.,* 535 U.S. 722, 736 (2002). In this case, Nuance added numerous elements to the claims of the '295 patent during prosecution to overcome prior art rejections. These additional elements include "speaker-specific," "obtaining the identification of the speaker," and "incorporating" a sample into the speech recognition system. As a matter of law, if these elements are not literally present in Vlingo's products, which they are not, then there is no infringement.

As set forth in detail in the rebuttal expert report of Dr. Jordan Cohen, Vlingo denies that it infringes any asserted claim of the '295 patent. As explained therein:

1.   Vlingo does not infringe claims 1, 2, 4, 5, 6, 7-10, 12, or 14 of the '295 patent because the accused system does not obtain a "sample" of a speaker's speech as that term has been construed by the court.

2.   Vlingo does not infringe claims 1, 2, 4, 5, 6, 7-10, 12, or 14 of the '295 patent because the accused system does not modify itself by "incorporating the sample into the speech recognition system" as that term has been construed by the court.

3.   Vlingo does not infringe claims 1, 2, 4, 5, 6, 7-10, 12, or 14 of the '295 patent because the accused system does not form a "speaker-specific" modified speech recognition system as that term has been construed by the court.

4.   Vlingo does not infringe claims 1, 2, 4, 5, 6, 7-10, 12, or 14 of the '295 patent because the accused system does not store a "representation of the speaker-specific modified

speech recognition system," as the term "speech recognition system" has been construed by the court.

5. Vlingo does not infringe claims 16, 17, or 19-28 of the '295 patent because the accused system does not obtain a "sample" of a speaker's speech as that term has been construed by the court.

6. Vlingo does not infringe claims 16, 17, or 19-28 of the '295 patent because the accused system does not modify itself by "incorporating the sample into the speech recognition system" as that term has been construed by the court.

7. Vlingo does not infringe claims 16, 17, or 19- 28 of the '295 patent because the accused system does not form a "cluster-specific" modified speech recognition system as that term has been construed by the court.

8. Vlingo does not infringe claims 16, 17, or 19-28 of the '295 patent because the accused system does not store a "representation of the cluster-specific modified speech recognition system," as the term "speech recognition system" has been construed by the court.

9. Vlingo does not infringe claims 30, 31, 33, 34, 36, 37, 38, 40, 41, or 43 of the '295 patent because the accused system does not obtain a "sample" of a speaker's speech as that term has been construed by the court.

10. Vlingo does not infringe claims 30, 31, 33, 34, 36, 37, 38, 40, 41, or 43 of the '295 patent because the accused system does not modify itself by "incorporating the sample from each speaker into the speech recognition system" as that term has been construed by the court.

11. Vlingo does not infringe claims 30, 31, 33, 34, 36, 37, 38, 40, 41, or 43 of the '295 patent because the accused system does not store a "representation of the speaker-specific

modified speech recognition system," as the term "speech recognition system" has been construed by the court.

12. Vlingo does not infringe claims 45 or 47 of the '295 patent because the accused system does not "incorporate[e]" "speech samples" as those terms have been construed by the court.

13. Vlingo does not infringe claims 45 or 47 of the '295 patent because the accused system does not form a "speaker-specific" speech recognition system as that term has been construed by the Court.

14. Vlingo does not infringe claim 51 of the '295 patent because the accused system does not obtain a "speech utterance" from a speaker.

15. Vlingo does not infringe claim 51 of the '295 patent because the accused system does not make a "determination" relative to the speech utterance.

16. Vlingo does not infringe claim 51 of the '295 patent because the accused system does not modify an "acoustic model by incorporating the speech utterance" as that term has been construed by the court.

Moreover, Nuance should be estopped from asserting that the claims of the '295 patent cover Vlingo's products because Vlingo's products do not permit multiple users to use the system wherein a speaker-specific individualized acoustic model is stored, retrieved and modified. During prosecution of the patent application, in order to overcome prior art rejections, the applicants repeatedly argued that such an individualized system is required.

### B. Vlingo Does Not and Has Not Willfully Infringed the '295 Patent

Nuance is unable to show that either requirement of willful infringement — (i) that Vlingo "acted despite an objectively high likelihood that its actions constituted infringement

of a valid patent," and (ii) that the objectively high risk "was either known or so obvious that it should have been known" to Vlingo – is met in this case. *In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007).

Vlingo first became aware of Nuance's infringement allegations when it was served with Nuance's complaint in this case. Throughout the pendency of the case, Vlingo has relied in good faith on substantial and reasonable merits arguments on both noninfringement and invalidity that preclude a finding of willful infringement, arguments that have been fully considered and endorsed by Vlingo's liability expert Dr. Cohen. *See, e.g., ResQNet.com, Inc. v. Lansa, Inc.,* 533 F.Supp.2d 397 (S.D.N.Y. 2008) (holding that the objective prong of *Seagate* cannot be met where non-infringement and invalidity arguments "were substantial, reasonable and far from the sort of easily-dismissed claims that an objectively reckless infringer would be forced to rely upon"); *Black & Decker, Inc. v. Roberts Bosch Tool Corp.,* 2008 WL 60501, at *6-7 (Fed. Cir. Jan. 7, 2008) (unpublished opinion) (noting that "legitimate defenses to infringement claims and credible invalidity arguments demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement of a valid patent."). Indeed, Vlingo filed a request for reexamination of the claims of the '295 patent. In response to that request, the Patent & Trademark Office ("PTO") agreed with Vlingo that the claims of the '295 patent are invalid. Moreover, one of the grounds upon which the PTO determined that the '295 claims are invalid was based upon a prior art dissertation by one of the inventors that was not submitted to the PTO during prosecution of the application for the '295 patent.

Nuance's allegation of willful infringement is also belied by its own conduct. Prior to filing suit, Nuance never alleged that Vlingo infringed the '295 patent. Further, Nuance

attempted on several occasions to acquire Vlingo, recognizing the value of Vlingo's non-infringing technology. When Vlingo repeatedly rejected Nuance's offers, Nuance filed the present suit in Texas, notwithstanding that Vlingo and Nuance are both based in Massachusetts. Nuance did so in order to pressure Vlingo into becoming acquired by Nuance at a commercially unreasonable price. After suit was filed, Nuance again attempted to acquire Vlingo, including by offering Messrs. Grannan and Phillips 5 million dollars each if they could convince Vlingo's Board of Directors to sell out to Nuance. Alternatively, these payments were offered if Messrs. Grannan and Phillips would leave Vlingo and go to work for Nuance. Nuance also attempted to pressure Vlingo into being acquired by Nuance by filing numerous additional suits against Vlingo in Massachusetts, Delaware and London., England. Nuance's allegations that Vlingo copied Nuance's patented technology are innuendo and attorney argument. Nuance cannot show that anything in Vlingo's technology was derived from anything Vlingo learned from either Nuance's patent or any of Nuance's commercial implementations.

### C.     The Claims of the '295 Patent are Invalid

In this case, Vlingo relies, at least in part, on prior art that was not before the patent examiner during the examination of the '295 patent. Because the examiner never considered this prior art, the PTO has never addressed the question of whether it invalidates the '295 patent. As set forth in the expert reports of Dr. Cohen, the asserted claims are invalid as anticipated, and obvious and for failure to comply with the requirements of 35 U.S.C. § 112. Vlingo will show invalidity by clear and convincing evidence for the reasons set forth in the expert report of Dr. Cohen. *See Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1374 (Fed. Cir. 2001).

A patent claim is invalid as anticipated under 35 U.S.C. § 102 if each element of the claim is disclosed in a single prior art reference. *Net MoneyIN Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1369-70 (Fed. Cir. 2008).  A claim is invalid as obvious under 35 U.S.C. § 103 if "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103. Obviousness is ultimately a question of law for the court. *KSR Int'l Co. v. Teleflex Inc.,* 127 S. Ct. 1727, 1745-46 (2007). That legal determination rests on three primary factual considerations: (1) "the scope and content of the prior art," (2) any "differences between the prior art and the claims at issue," and (3) "the level of ordinary skill in the pertinent art." *Graham v. John Deere Co. of Kansas City,* 383 U.S. 1, 17 (1966). Where an invention is a combination of elements from the prior art, the invention is obvious if it is no "more than the predictable use of prior art elements according to their established functions." *KSR,* 127 S. Ct. at 1740; *see also Muniauction, Inc. v. Thomson Corp.,* 532 F.3d 1318, 1325-27 (Fed. Cir. 2008). There need not be any explicit teaching, suggestion, or motivation in the art to combine elements in order to show that the combination is obvious. *KSR,* 127 S. Ct. at 1741-42.

In addition to the primary *Graham* factors above, secondary considerations of non-obviousness, such as commercial success due to the merits of the claimed invention, a long-felt need for the solution provided by the claimed invention, and copying of the claimed invention by others, are part of an obviousness determination. *See Graham,* 383 U.S. at 17-18.  "[A] strong prima facie obviousness showing may stand even in the face of considerable evidence of secondary considerations." *Rothman v. Target Corp.,* No. 2008-

10

1375, slip op. at 16 (Fed. Cir. Feb. 13, 2009).  In order to be relevant, there must be a nexus between any alleged evidence of secondary considerations and the claimed invention. *See Ormco Corp. v. Align Technology, Inc.,* 463 F.3d 1299, 1311-12 (Fed. Cir. 2006).  Nuance bears the burden of proving such a nexus. *See Demaco Corp. v. F. Von Langsdorff Licensing Ltd.,* 851 F.2d 1387, 1392 (Fed. Cir. 1988).

On June 9, 2001, the U.S. Supreme Court issued its decision in *Microsoft Corp. v. i4i Limited Partnership*, -- S. Ct. --, 2011 WL 2224428 (Jun. 9, 2011).  In that case, Microsoft argued that the standard of proof on the issue of patent invalidity should be changed from clear and convincing evidence to a preponderance of the evidence, particularly when the prior art asserted against the patent(s)-in-suit was not before the patent examiner during prosecution of the patent application.  The Supreme Court rejected Microsoft's argument.  However, the Supreme Court stated that, for prior art that was not before the patent examiner, "the challenger's burden to persuade the jury of its invalidity defense by clear and convincing evidence may be easier to sustain." *Id.*, 2011 WL 2224428, at *11.  Thus, "the jury may be instructed to consider that it has heard evidence that the P[atent &] T[rademark] O[ffice] had no opportunity to evaluate before granting the patent." *Id.*  Vlingo requests that such an instruction be given in this case for the prior art relied upon by Vlingo that was not before the patent examiner.

In order to satisfy the written description requirement of 35 U.S.C. § 112, the applicant is required to recount his invention in such detail that he can show that he invented what he claims and to preclude the applicant from later claiming he invented that which he did not. *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003.).  The separate test for enablement under 35 U.S.C. § 112 is whether one reasonably skilled in the art could make or use the invention from the disclosures of the patent without undue experimentation. *United States v.*

11

*Telectronics, Inc.*, 857 F.2d 778, 785 (Fed. Cir. 1998), *cert. denied*, 490 U.S. 1046(1989). Vlingo asserts that the claims of the '295 patent are invalid for lack of written description, indefiniteness, lack of enablement and lack of operability as set forth in the expert reports of Dr. Cohen.

### IV. VLINGO'S WITNESSES

Vlingo's exhibit list has been submitted with the parties' Joint Pretrial Memorandum.

### V. EXHIBITS

Vlingo's exhibit list has been submitted with the parties' Joint Pretrial Memorandum.

### VI. JURY INSTRUCTIONS

Vlingo's proposed jury instructions are submitted as Exhibit A hereto.

### VII. ESTIMATED TIME OF TRIAL

Vlingo estimates that trial will take approximately ten days.

                                                Respectfully submitted,

                                                **VLINGO CORP.**

                                                _____/s/ Dean G. Bostock_____
Paul J. Hayes, BBO# 227000
Dean G. Bostock, BBO# 549747
**HAYES BOSTOCK & CRONIN LLC**
300 Brickstone Square, 9th Floor
Andover, MA  01810
Tel:  978-809-3850
Fax:  978-809-3869
Email:  phayes@hbcllc.com
           dbostock@hbcllc.com

ATTORNEYS FOR DEFENDANT
VLINGO CORPORATION

Dated:  June 24, 2011

<u>CERTIFICATE OF SERVICE</u>

     The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this 24th day of June, 2011.

                                                _____/s/ Dean G. Bostock_____