**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| NUANCE COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:09-cv-11414-RWZ |
| v. | ) | |
| | ) | |
| VLINGO CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF NUANCE COMMUNICATIONS, INC.'S EMERGENCY
MOTION TO STRIKE PREVIOUSLY-UNDISCLOSED VLINGO WITNESSES**

At the pre-trial conference in this matter on June 29, 2011, counsel for Nuance raised

with the Court the issue that Vlingo's proposed witness list included a number of individuals that

Vlingo indicated it would or might call at trial but which Vlingo had not previously identified as

individuals with knowledge relevant to this case in its mandatory disclosures under Federal Rule

of Civil Procedure 26 or its related discovery responses.  Mr. Hayes, counsel for Vlingo, stated

that this was a matter that would not require Court intervention, so counsel for Nuance did not

pursue the matter with the Court.  It has now become apparent, however, that Court intervention

is required.[1]

After the pre-trial conference, counsel for Nuance contacted counsel for Vlingo to request

that it either: (1) indicate where in its disclosures it had identified each of 11 names on its

proposed witness list that Nuance could not locate in Vlingo's disclosures (none of whom have

---

[1] This motion is brought as an emergency motion because Nuance is in the midst of
preparing for trial.  Both parties need to know, as soon as possible, for which witnesses they
should prepare examinations; a normal briefing schedule, however, would run into the beginning
of trial.

been deposed in this case); or (2) confirm that it would not attempt to call any of these previously

undisclosed witnesses. (*See* Exhibit A, attached hereto.) Although Vlingo could not identify

anyplace in its disclosures where it had identified its proposed witnesses, Vlingo refused to

remove the majority of these names from its witness list, and instead maintained that it "will

call" five of the previously undisclosed witnesses, and that it "may call" three more. (*See*

Exhibit A.) Two of these eight witnesses are current Vlingo employees or investors, three are

third-parties, and three are current Nuance employees whose only substantive involvement in

this case has been in connection with settlement discussion. Because Vlingo did not previously

disclose any of these witnesses, Nuance has taken no discovery about their potential testimony,

why Vlingo intends to call them or what testimony it will try to elicit from them. As noted

above, none of these witnesses has been deposed.

It is black letter law that a party cannot call at trial witnesses that it failed to identify in its

initial disclosures**.** *See* Fed. R. Civ P. 37(c) ("If a party fails to . . . identify a witness as required

by Rule 26 (a) or (e), the party is not allowed to use that  . . . witness to supply evidence on a

motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless").

Vlingo does not—and cannot—dispute that it did not identify in its Rule 26(a) disclosures any of

the eight witnesses that are the subject of this motion (William Wachtel, Mike Rozelsky, III,

Rick Allen, Sean True, Bruce Bowden, Helgi Bloom, Michael Thompson, or Robert Davoli).

Nor does Vlingo have any justification for failing to provide these disclosures during discovery.

Finally, Vlingo cannot dispute that the parties have not conducted discovery on any of

these witnesses. In fact, Rick Allen has filed a declaration in connection with the motion to

quash his trial subpoena indicating that he has no relevant, non-privileged information. (Dkt.

179). Under these circumstances—where Vlingo failed to timely identify its proposed witnesses

in discovery and no discovery was taken from or about these witnesses—Vlingo should not be permitted to call its previously-undisclosed witnesses at trial.

WHEREFORE, Nuance respectfully requests that the Court strike the following previously-undisclosed witnesses from Vlingo's witness list:  William Wachtel, Mike Rozelsky, III, Rick Allen, Sean True, Bruce Bowden, Helgi Bloom, Michael Thompson, and Robert Davoli.

Respectfully submitted,

NUANCE COMMUNICATIONS, INC.

By its attorneys,

/s/ Scott McConchie
Thomas F. Maffei (BBO 313220)
(tmaffei@gtmllp.com)
Scott McConchie (BBO 634127)
(sm@gtmlllp.com)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, Massachusetts 02110
(617) 542-9900; (617) 542-0900 (fax)

Morgan Chu (*pro hac vice*)
(mchu@irell.com)
Jonathan S. Kagan (*pro hac vice*)
(jkagan@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  09967
(310) 277-1010; (310) 203-7199 (fax)

David C. McPhie (*pro hac vice*)
(dmcphie@irell.com)
Rebecca L. Clifford (*pro hac vice*)
(rclifford@irell.com)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA  92660
(949) 760-0991; (949) 760-5200 (fax)

Dated:  July 1, 2011

**Certificate of Compliance With Local Rule 37.1**

The parties conferred in good faith in an attempt to resolve this dispute.  Jonathan Kagan (attorney for Nuance) and Dean Bostock (attorney for Vlingo) met and conferred telephonically and via email regarding the issues in Nuance's motion, but were able to resolve the dispute.

　*/s/ Scott McConchie*
Scott McConchie

**Certificate of Service**

I, Scott McConchie, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 1, 2011.

　*/s/ Scott McConchie*
Scott McConchie

2457179