# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NUANCE COMMUNICATIONS, INC.,<br>Plaintiff,<br><br>v.<br><br>VLINGO CORP.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 09-cv-11414 (RWZ) |

## DEFENDANT VLINGO CORPORATION'S
## PROPOSED JURY INSTRUCTIONS

Defendant, Vlingo Corporation ("Vlingo), respectfully submits the following jury instructions to be given at trial of this case commencing on July 18, 2011:

### 1.    GENERAL

1.    Ladies and gentlemen, it is your duty to find the facts from all of the evidence that you have heard in this case, and to those facts you will apply the law as I am going to give it to you now.  You must follow the law as I give it to you whether you agree with the law or not.  You must not be influenced in your deliberations by any personal likes of dislikes, opinions, prejudices, biases, or sympathy of any kind.  That means that you must decide this case solely on the evidence that has been put before you.  Now you recall that you took an oath at the beginning of the case promising to do this.

In following my instructions, you must follow all of them and not single out one or ignore others.  All of my instructions are equally important.  Also, you must not read into these instructions, or into anything that I have done during the course of this trial, or anything that I

1

have said, to give you any suggestion at all as to what I think the verdict ought to be in this case.

This is up to you, and to you alone, and that is your job.

2.     It is my practice to send into the jury room a copy of my written instructions. So I am telling you now you do not have to worry about taking detailed notes about all the instructions I am about to give you because you are going to get a copy of these instructions when you go into the deliberation room.

The evidence that you are to use to decide the facts of this case consists of the sworn testimony of witnesses, the exhibits that have been received into evidence during the trial, and any facts which the lawyers have agreed to or what we sometimes call stipulated to.

Arguments and statements by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and in their closing arguments, and at other times during the course of the trial, is intended to help you interpret the evidence but it is not evidence. If the acts as you remember them differ from the way the lawyers have stated them, then it is your memory that controls.

Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the Rules of Evidence. You should not be influenced by any objection or my ruling upon the objection.

Thirdly, testimony that has been excluded from the record or stricken is not evidence, and if I've instructed you to disregard it, then you are to disregard it. Stricken testimony is not evidence and may not be considered by you.

Finally, anything you have seen or heard when court was not in session is not evidence. You are to decide this case solely on the evidence that was received in court during this trial.

3.        Evidence may be direct or may be circumstantial.  Direct evidence is the direct proof of a fact such as the testimony of any eyewitness.  And circumstantial evidence is the proof of one or more facts from which you can infer the existence of another fact.  You should consider both kinds of evidence.  As a general rule, the law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Direct evidence can prove a material fact by itself.  It does not require any other evidence.  It does not require you to draw any inferences.  A witness's testimony is direct evidence when the witness testifies about what is known from his or her own knowledge by virtue of her own senses, what he or she see, touches, or hears, that is direct evidence.  The only question is whether you believe the witness's testimony.  A document or a physical object may also be direct evidence when it can prove a material fact by itself without any other evidence or inference.  You may, of course, have to determine the genuineness of the document or the object.

4.       Circumstantial evidence is different from direct evidence. It cannot prove a material fact by itself. Rather, it is evidence that tends to prove a material fact when considered together with other evidence and by drawing inferences. The strength of the inferences arising from circumstantial evidence is for you to decide, and it is for you to decide how much weight to give to any evidence that has been presented.

Inferences from circumstantial evidence may be drawn on the basis of reason, experience, and common sense. Inferences may not, however, be drawn from guesswork or speculation or conjecture. The law does not require a party to introduce direct evidence. A party may prove a fact entirely by circumstantial evidence or by a combination of direct and circumstantial evidence.

Circumstantial evidence is not less valuable than direct evidence. So as I have said, you are to consider all of the evidence in the case, both direct and circumstantial evidence, in determining what the facts of the case are and in arriving at your verdict.

5.      During the course of the trial, you have heard reference to the terms examination under oath or deposition, and you have heard several witnesses testify in this trial through either videotape deposition or through depositions read into the record.  As it applies in this case, these terms mean sworn testimony given under oath and given by a witness before this trial began. You should give such deposition testimony the same credibility or weight as live witness testimony, if any, as you think it deserves.

In deciding what the facts of the case are, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it at all.  In considering the testimony of any witness, you may take into account the following things in determining credibility:  First, the opportunity and ability of a witness to see or hear or know the things testified to; second, the witness's memory; third, the witness's manner while testifying; fourth, the witness's interest in the outcome of the case, and any bias or prejudice that the witness may have; fifth, whether other evidence contradicts the witness's testimony; and sixth, the reasonableness of the witness's testimony in light of all of the evidence.

In assessing the credibility of a witness, you may also consider whether on some prior occasion the witness made statements that contradict the testimony that he or she gave at the time of trial.  If you conclude that a witness did at some prior time make statements that were materially different from what the witness said during this trial, you may take this into account in assessing the credibility of such a witness or determining the weight that you will give to such a witness's testimony.

6.      In evaluating the testimonial evidence, remember that you are not required to believe something to be a fact simply because a witness has stated it to be fact and no one has contradicted what that witness has said.  If, in light of all the evidence, you believe that the witness is mistaken or has testified falsely, or that he or she is proposing something that is inherently impossible or unworthy of belief, then you may disregard that witness's testimony even in the absence of any contradictory evidence.  You should also bear in mind that it is not the number of witnesses testifying on either side of a particular issue that determines where the weight of the evidence lies, but rather it is the quality of the witness's testimony that counts.  Thus, just because one witness testifies on one side of an issue and one witness testifies on the other side of the issue does not necessarily mean that you should consider the evidence evenly balanced.  If you feel that one of the witnesses was more credible than the other for whatever reason, you may find that the weight of the evidence lies on that side, or on the side of that witness.

Similarly, just because there may be more witnesses testifying on one side of an issue than on the other does not mean that the weight of the evidence lies in favor of the greater number of witnesses.  Once again, it is the credibility or the quality of the testimony that determines where the weight of the evidence lies.

7.      During this trial you have heard testimony from witnesses who claim to have specialized knowledge in a technical field. Such persons sometimes are referred to as expert witnesses. Because of their specialized knowledge, they are permitted to express opinions which may be helpful to you in determining the facts. Since they do have specialized knowledge, the opinions of expert witnesses, whether expressed personally or in documents that have been admitted into evidence, should not be disregarded lightly. On the other hand, you are not required to accept such opinions just because a witness has specialized knowledge.

In determining what weight to give to the testimony of so-called expert witnesses, you should apply the same test of credibility that applies to the testimony of all other witnesses: that is, you should consider things such as the witness's opportunity to observe the facts about which he or she testified, and the apparent candor or lack of candor of the witness. In addition, you should take into account the witness's qualifications, especially in comparison to qualifications of any experts who may have expressed contrary opinions, and take into account the accuracy of the facts upon which the witness's opinions were based. In short, you should carefully consider the opinions of expert witnesses, but you should not regard them as necessarily conclusive.

8.      The law makes no distinction between corporations and private individuals, nor does the law distinguish between the size or type of a business in which a corporation engages. All persons, including corporations, stand equal before the law and are to be dealt with as equals in this case.

9.       Nuance contends that Vlingo makes, uses, offers to sell, or sells products that infringe claims 1, 2, 6, 16, 19, 25, 30, 37, 45 and 51 of the '295 patent.  Vlingo denies that it is infringing the claims of the '295 patent.  Vlingo also contends that the '295 patent is invalid.

Invalidity is a defense to infringement.  Therefore, even though the Patent Office examiner has allowed the claims of the '295 patent, you, the jury, must decide whether the claims of the '295 patent are valid and must also make some factual determinations that I will also use to address certain validity issues.

Your job is to decide whether the asserted claims of the '295 patent have been infringed and whether any of the asserted claims of the '295 patent are invalid.  You will also need to decide whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damage award you make.  I will take willfulness into account later.

*Source:  Model Patent Jury Instructions (NJIP)*

## 3. INFRINGEMENT

10.     I will now instruct you how to decide whether or not Vlingo has infringed the patent. Infringement is assessed on a claim-by-claim basis. In order to prove infringement, Nuance must prove that it is more likely than not that all of the requirements for showing infringement have been proven.

> *Source: Federal Circuit Bar Association (FCBA) Model Patent Jury Instructions, January, 2008.*

### 3.2  DIRECT INFRINGEMENT – LITERAL INFRINGEMENT

11.    I will tell you shortly what certain language of the claims means.

A company directly and literally infringes a claim if, during the time the patent is in force, the company makes, uses, sells, or offers to sell within, or imports into, the United States a product that meets all of the elements of the claim and does so without the permission of the patent holder.

> *Source:  Model Patent Jury Instructions (FCBA, January, 2008).  Section 3.1a with modifications.*

You must decide whether Vlingo has made, used, sold, offered for sale, or imported within the United States products covered by claims 1, 2, 6, 16, 19, 25, 30, 37, 45 and 51 of the '295 patent.

You must compare each patent claim, as I have interpreted it, to each accused Vlingo product to determine whether every element of the patent claim can be found in the accused Vlingo product.

To prove direct infringement, Nuance must prove it is more probable than not that each accused Vlingo product includes each element in Nuance's patent claims.  If any accused Vlingo product omits any element recited in Nuance's patent claim, Vlingo does not literally infringement that claim.

> *Source:  Model Patent Jury Instructions (NJIP) with modifications.*

### 3.3 DIRECT INFRINGEMENT – DOCTRINE OF EQUIVALENTS[1]

12.    As an alternative to literal infringement, Nuance claims that Vlingo infringed

claims 1, 2, 6, 16, 19, 25, 30, 37, 45 and 51  of the '295 patent under the "doctrine of

equivalents." To prevail on its claim of infringement under the doctrine of equivalents, Nuance

must prove it is more probable than not that each accused Vlingo product contains elements that

are the same as or equivalent to each claimed element of the patented invention.  You must

address this issue on an element-by-element basis.  Nuance must establish that every element in

the claim is present in each accused Vlingo product either literally or under the doctrine of

equivalents.

> *Source:  Model Patent Jury Instructions (N.D. Cal., November, 2007), Section 3.7; Draft*
> *Uniform Patent Jury Instructions (D. Del., August, 2003), Section 3.5.*

A claim element is present in an accused product under the doctrine of equivalents if the

difference between the claim element and any corresponding aspect of the accused product is

insubstantial.  In other words, Nuance must prove that the difference between the claim element

and any corresponding aspect of the accused products is insubstantial.  In making this

determination, you may consider whether the accused structure performs (1) substantially the

same function in (2) substantially the same way to achieve (3) substantially the same result as the

element in the claimed invention.

The doctrine of equivalents has several limitations.

---

[1]  As set forth, *inter alia*, in Vlingo's Motion *in Limine* regarding Doctrine of Equivalents
Testimony (Dkt. No. 202) and Vlingo's Motion *in Limine* Regarding Prosecution History
Estoppel (Dkt. No. 203), Vlingo submits that the jury should not be instructed on the issue of
infringement under the doctrine of equivalents.  Should the Court disagree, Vlingo proposes
these instructions.

First, you may consider evidence of independent development by Vlingo to refute

Nuance's claim that the accused Vlingo products are insubstantially different from the claims 1,

2, 6, 16, 19, 25, 30, 37, 45 and 51 of the '295 patent.

> *Source: Hilton Davis Chemical Co. v. Warner-Jenkinson Co., Inc., 62 F.3d 1512, 1520 (Fed. Cir. 1995).*

Second, you may not find that an element of Vlingo's accused products is equivalent to

an element of a claim if a finding of infringement under the doctrine of equivalents would

effectively eliminate that element.  Specifically, the alleged equivalent cannot eliminate or ignore

an element of the claim.

> *Source:  Model Patent Jury Instructions (FCBA, January, 2008).  Section 3.1d with modifications.*

Third, you may not find that an element of a Vlingo product is equivalent to an element

of the patent claim if by doing so you would extend the coverage of the patent to include

inventions that were already in the prior art or that would have been obvious to persons of

ordinary skill in the field at the time of the invention.  A patent owner cannot obtain, under the

doctrine of equivalents, protection that it could not have lawfully obtained from the Patent

Office.

> *Source:  Model Patent Jury Instructions (AIPLA, March, 2008) with modifications. Model Patent Jury Instructions (N.D. Cal., November, 2007).  Section 3.4 Wilson Sporting Goods Co. v. David Geoffrey & Assocs., 904 F.2d 677 (Fed. Cir. 1990).*

Fourth, you may not find that an accused aspect of a Vlingo product infringes a claim

under the doctrine of equivalents if, during the patent application process, the patent applicant

made an argument of patentability that is inconsistent with its argument for equivalence in this

case.

> *Source:  Model Patent Jury Instructions (FCBA, January, 2008).  Section 3.1d with modifications.*

In the present case, Nuance added several limitations to the claims of the '295 patent during the application process in order to obtain allowance of the '295 patent. First, Nuance added "obtaining an identification of a speaker." Therefore, you cannot find infringement if the accused Vlingo products do not identify the speaker. Second, Nuance added a limitation that the speech recognition system must be "speaker specific." Therefore, you cannot find infringement if the accused Vlingo products are not systems that are specific to an individual speaker. Third, Nuance added "incorporating the sample into the speech recognition system." Therefore, if the accused Vlingo products do not incorporate a sample of the audio into the system, Vlingo cannot infringe. In other words, if the accused Vlingo products do not incorporate audio into the system, Vlingo does not infringe. Likewise, if the accused Vlingo products incorporate the entire audio into the system, there can be no infringement.

### 3.4  INDIRECT INFRINGEMENT

13.     Nuance alleges that Vlingo indirectly infringed the patent.  There are two types of indirect infringement:  inducing infringement and contributory infringement.  The act of encouraging or inducing others to infringe a patent is called "inducing infringement."  The act of contributing to the infringement of others by, for example, supplying them with components used in the patented invention is called "contributory infringement."

*Source:  Model Patent Jury Instructions (NJIP)*

### 3.5  INDUCING PATENT INFRINGEMENT

14.     A party induces patent infringement if it purposefully causes, urges, or encourages another to infringe a patent.  Inducing infringement cannot occur unintentionally. This is different from direct infringement, which can occur unintentionally.

To prove that Vlingo induced patent infringement, Nuance must prove it is more probable than not that:

1.  Vlingo actively encouraged or instructed another person on how to use a product in a way that you, the jury, may find infringes the patent claims;

2.  Vlingo knew of the content of the patent claims;

3.  Vlingo knew or should have known that the encouragement or instructions would induce infringement of the patent; and

4.  The other person infringed the patent.

Nuance must prove that Vlingo had a specific intent to induce the infringement.  Nuance must prove that Vlingo knowingly induced infringement, not merely that Vlingo knowingly induced the acts that constitute infringement.  Finally, Nuance must prove that there is a direct infringement for each instance of indirect infringement.

*Source:  Model Patent Jury Instructions (NJIP)*

### 3.6  CONTRIBUTORY INFRINGEMENT

15.     Contributory infringement can occur when a party with knowledge of the patent supplies a part, or a component, to another for use in a patented product or machine, or in a patented process.

Contributory infringement arises only if one who received the component infringes the patent.  The component must also have three characteristics.

1.  The component must be a material part of the invention;

2.  The component must be especially made or adapted for use in a way that infringes the patent, and the supplier must know that the component was especially made for that use; and

3.  The component must not have a substantial non-infringing use.

Concerning the third element above, a component that has a number of non-infringing uses is often referred to as a staple or commodity article.  Providing such a staple or commodity article is not contributory infringement even if the person receiving or buying the article uses it in an infringing way.

Finally, Nuance must prove that there is a direct infringement for each instance of indirect infringement.

### 3.7   THE MEANING OF THE CLAIM TERMS

16.     It is my job as judge to determine the meaning of any claim language that needs interpretation.  You must accept the meanings I give you and use them when you decide whether any claim of the patent has been infringed and whether any claim is invalid.

I have given the following meanings to the following language found in the claims of the '295 patent:

The term "incorporating the sample into the speech recognition system" means "taking into or including the sample in the preexisting speech recognition system."

The term "identification of a speaker" means "identification of the individual person who is speaking."

The term "obtaining an identification of a cluster of speakers" means "obtaining an identification of a group of speakers."

The term "forming a speaker-specific modified acoustic model" means "resulting in an acoustic model that is modified based on the speaker's speech."

The parties have also agreed on the meaning of several terms of the claims of the '295 patent.  In accordance with that agreement, the term "speech recognition system" means "a device or combination of devices, which could include general-purpose computers, special-purpose computers, or dedicated hardware circuits, and the software thereon, that recognize speech."

The term "sample" means "a single item or items from a larger whole or group."

The term "speaker" means "the person who is doing the speaking."

The term "remote session" means "a session between devices in which the input voice device is at a different location from the portion of the speech recognition system that recognizes the speech."

The term "statistics" means "a collection of data."

The term "telephone caller" means "the person making a telephone call."

### 3.8    PROSECUTION HISTORY

17.    During the application process for the '295 patent, the inventors made numerous arguments to the Patent Office in order to overcome rejections of the pending claims in view of the prior art.  One of the arguments made by the inventors was that, in contrast to the prior art, the '295 patent requires that "the speech recognition system of the present invention provides for speaker-specific acoustic models to be used in the speech recognition process" so that "[m]ultiple users can access the same application, each user having an individualized speaker-specific model which [is] stored, retrieved from storage, and modified according to samples of the specific speaker's speech."  As a result, if the accused Vlingo products do not allow multiple users to access the same application with each user having an individualized speaker-specific model which is stored, retrieved and modified  according to samples of that specific speaker's speech, Vlingo cannot infringe the '295 patent.

### 4. WILLFUL INGRINGEMENT

18.    In this case, Nuance argues that Vlingo willfully infringed Nuance's patent.  To prove willful infringement, Nuance must persuade you by clear and convincing evidence that that before the filing date of the complaint, Vlingo acted with reckless disregard of the claims of Nuance's patent.  To show "reckless disregard," Nuance must satisfy a two-part test:  the first concerns Vlingo's conduct, the second concerns Vlingo's state of mind.  Nuance has the burden of proving willful infringement by clear and convincing evidence.  When a party has the burden of proving any claim or defense by clear and convincing evidence, it means the evidence has persuaded you that the claim or defense is highly probable.

Therefore, when considering Vlingo's conduct, you must decide whether Nuance has proven it is highly probable Vlingo acted despite an objectively high likelihood that its actions constituted infringement of a valid patent; that is, that Vlingo proceeded with the allegedly infringing conduct with knowledge of the patent, and in the face of an unjustifiably high risk that it was infringing the claims of a valid and enforceable patent.

If you conclude that Nuance has proven that Vlingo's conduct was reckless, then you need to consider the second part of the test.  You must determine whether the risk was known or so obvious that it should have been known to Vlingo.  In other words, Nuance has the burden by proving by clear and convincing evidence, that, prior to brining this suit against Vlingo, Vlingo had a belief that it infringed a valid claim of the '295 patent.  In deciding whether Vlingo satisfied the state-of-mind part of the test, you should consider all facts surrounding the alleged infringement.

*In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007).

If you find that Vlingo has relied in good faith on substantial and reasonable merits arguments on non-infringement or invalidity, then Vlingo has not willfully infringed the '295 patent.

See, e.g., *ResQNet.com, Inc. v. Lansa, Inc.*, 533 F. Supp.2d 397 (S.D.N.Y. 2008); *Black & Decker, Inc. v. Roberts Bosch Tool Corp.*, 2008 WL 60501, at *6-7 (Fed. Cir. Jan. 7, 2008) (unpublished opinion).

In this regard, I instruct you that Vlingo filed in the Patent Office a request for reexamination of all but claim 6 of the asserted claims of the '295 patent and argued that the claims are invalid in view of the prior art relied upon by Vlingo in this trial. The Patent Office agreed with Vlingo's argument and determined that the claims are invalid. You may consider this Patent Office determination in Vlingo's favor if you reach the issue of willful infringement.

## 5. INVALIDITY

19.     I will now instruct you on the rules you must follow in deciding whether Vlingo has proven that claims 1, 2, 6, 16, 19, 25, 30, 37, 45 and 51 of the '295 patent are invalid. In making your determination as to invalidity, you should consider each claim separately.

Patent invalidity is a defense to patent infringement. Even though the Patent Office examiner has allowed the claims of a patent, you have the responsibility for deciding whether the claims of the patent are valid, as well as for deciding certain issues that I may also use to address validity.

For a patent to be valid, the invention claimed in the patent must be new and non-obvious. A patent cannot take away from people their right to use what was known or what would have been obvious when the invention was made. The terms "new" and "non-obvious" have special meanings under the patent laws. I will explain these terms to you as we discuss the possible grounds for asserting invalidity.

Whether a patent is new and non-obvious is determined in light of what came before. That which came before is referred to as the "prior art." Prior art can consist of a publication, a prior patent, or a piece of software. Some of the prior art that Vlingo relies on, including the Kannan dissertation, was not considered by the Patent Office. You should consider the fact that this prior art, known to one of the inventors because he wrote it, was not considered by the Patent Office when issuing the patent in determining whether or not the claims of the '295 patent are invalid.

*Microsoft Corp. v. i4i Ltd. Partnership*, -- S. Ct. --, 2011 WL 2224428, at *11 (Jun. 9, 2011).

## 5.1 ANTICIPATION

20.      Vlingo contends that claims 1, 2, 6, 16, 19, 25, 30, 37, 45 and 51 of the '295 patent are invalid because the claimed invention is not new.  For a claim to be invalid because it is not new, all of its elements must have existed in a single item of prior art, such as a prior patent, publication, or device that predates the claimed invention.  In patent law, such a prior patent, publication, or device that predates the claimed invention is called a "prior art reference." If a patent claim is not new, we say it is "anticipated" by a prior art reference.

To anticipate, a prior art reference must disclose each of the elements of the asserted claim of the patent-in-suit with all of the elements arranged as set forth in the claim that Vlingo contends is anticipated.  A prior art reference that discloses every element of the claim anticipates the claim even if the reference includes additional elements.

The description of an element in a prior art reference need not be in the same words as the claim.  An element is disclosed in a prior art reference if it is either stated or necessarily implied or inherent in the reference, from the perspective of someone of ordinary skill in the field of the technology of the claimed invention at the time of the invention.

*Source:  Model Patent Jury Instructions (NJIP).*

### 5.2 OBVIOUSNESS

21.     Vlingo also contends that claims 1, 2, 6, 16, 19, 25, 30, 37, 45 and 51 of the '295 patent are invalid as obvious. A patent claim is invalid for obviousness if the claimed invention would have been obvious to a person of ordinary skill in the field of the invention at the time the application was filed. The earliest application for the '295 patent was filed on May 10, 1999.

Before deciding whether the claims are obvious, you must first decide several factual issues. First, you must decide the level of ordinary skill in the field of the invention that someone would have had at the time the claimed invention was made. The second issue you must decide is what differences, if any, existed between the claimed invention and the prior art.

Based on these factual determinations, you should then determine whether the claims would have been obvious to a person or ordinary skill in the field of the invention as of May 10, 1999.

A patent claim is obvious even if all of the elements of a claim cannot be found in a single prior art reference, if a person of ordinary skill in the field of the invention who knew about all this prior art would have come up with the claimed invention. In determining whether or not a claim that is a combination of elements from the prior art would have been obvious, you must consider whether or not the combination is a predictable use of prior art elements according to their established functions. [Fed Cir. Bar Ass'n Model Instruction 43bv.]

Although a patent claim composed of several elements is not proved obvious merely by demonstrating that each of its element was independently known in the prior art, common sense directs one to look with care at a patent application that claims as innovation the combination of known elements. One of the ways in which a patent claim can be proved obvious is by noting that there existed at the time of the invention a known problem for which there was an obvious

solution encompassed by the patent's claims. Any need or problem known in the field of speech recognition at the time of the invention and addressed by the patent can provide a reason for combining elements of the prior art in the manner claimed in the '295 patent. The fact that a combination of prior art elements was obvious to try might show that the combination set forth in the claims of the '295 patent was obvious. There need not be any explicit teaching, suggestion or motivation in the prior art to combine elements in order to show that the combination is obvious.

*KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 419-422 (2007).

But you must be careful not to determine obviousness using hindsight; many true inventions might seem obvious after the fact. You should put yourself in the position of a person of ordinary skill in the field of the invention at the time the claimed invention was made, and you should not consider what is known today or what is learned from the teaching of the patent.

Finally, you must determine whether Nuance has established any of the following factors that tend to show non-obviousness:

1. Commercial success of a product using the claimed invention, where that commercial success was due to the merits of the claimed invention;

2. A long-felt need for the solution provided by the claimed invention; and

3. Copying of the claimed invention by Vlingo.

Each of these factors requires a nexus, or connection, to the claimed invention, and it is Nuance's burden to show such a nexus. Commercial success, a long-felt need, and copying are irrelevant if they are not attributable to the claimed features, rather than unclaimed features or features found in the prior art. [*Ormco Corp. v. Align Technology, Inc.*, 463 F.3d 1299, 1311-12 (Fed. Cir. 2006).

*Source:  N.D. Cal Model Patent Jury Instruction No. 4.3b; Model Patent Jury Instructions (NJIP)*

**5.3    35 U.S.C. § 112**

The patent statute requires the applicant for the patent to describe in the patent the invention recited in the claims.  In order to satisfy this written description requirement, the applicant is required to recount his invention in such detail that he can show that he invented what he claims and to preclude the applicant from later claiming he invented that which he did not.

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003).

Vlingo asserts that the subject matter set forth in the claims of the '295, as construed by me, is not described in the '295 patent.  Vlingo argues that the claim language "modifying the speech recognition system by incorporating the sample into the speech system thereby forming a speaker-specific modified speech recognition system" and substantially similar language in the claims, and the language "speech recognition system" as construed by the Court  is not described in the patent.  If you find by clear and convincing evidence that the subject matter of the claims is not completely described in the patent, then the patent claims are invalid.

Vlingo also asserts that the claims of the '295 patent are invalid for lack of enablement.  The separate test of invalidity for enablement is whether one reasonably skilled in the art could make or use the invention from the disclosures of the patent without undue experimentation.

*United States v. Telectronics, Inc.*, 857 F.2d 778, 785 (Fed. Cir. 1998), *cert. denied*, 490 U.S. 1046 (1989).

Vlingo argues that one of ordinary skill would not be able to make or use what is described in the claim language "modifying the speech recognition system by incorporating the sample into the speech system thereby forming a speaker-specific modified speech recognition system" and substantially similar language in the claims or the language "speech recognition

system" as construed by the Court. If you find by clear and convincing evidence that one skilled in the art would not be able to make or use the subject matter of the claims as I have construed them, then the patent claims are invalid for lack of enablement.

### 5.4    PATENT MISUSE

Vlingo argues that Nuance has no right to enforce the '295 patent against Vlingo because Nuance has misused the patent. This defense is known as patent misuse. Patent misuse relates primarily to a patentee's actions that affect competition in unpatented goods or that otherwise extend the economic effect beyond the scope of the patent grant.

*Bard, Inc. v. MP3 Sys., Inc.*, 157 F.3d 1340, 1372 (Fed.Cir.1998).

The doctrine is intended to prevent a patent owner, such as Nuance, from using a patent to obtain market benefit beyond that which the patent owner is entitled to under the patent statute.

*Monsanto Co. v. McFarling*, 363 F.3d 1336, 1341 (Fed. Cir. 2004).

In this case, Vlingo argues that Nuance misused the '295 patent by filing this case in order to further Nuance's attempts to acquire Vlingo rather than for the purposes of addressing patent infringement.

If you agree with Vlingo, then Nuance has engaged in patent misuse and cannot enforce the '295 patent against Vlingo.

31

## 5.5  LEVEL OF ORDINARY SKILL

22.     Several times in my instructions I have referred to a person of ordinary skill in the field of the invention.  It is up to you to decide the level of ordinary skill in the field of the invention.  You should consider all the evidence introduced at trial in making this decision, including:

1.  The levels of education and experience of persons working in the field;

2.  The types of problems encountered in the field; and

3.  The sophistication of the technology.

*Source:  Model Patent Jury Instructions (NJIP)*

32

## 6.     CLOSING INSTRUCTIONS

23.     Now, when you begin your deliberations, you should elect one member of your body, of the jury, to act as your foreperson. The foreperson will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach an agreement, if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion during the course of the deliberations if the discussion persuades you that you should, but do not come to a decision simply because other jurors think it is right.

Now, if it becomes necessary during the course of your deliberations to communicate with me, you may send a note through the marshal, signed by the foreperson. No member of the jury should ever attempt to contact me except by a signed writing, and I will communicate with any member of the jury on anything concerning this case only in writing or here in open court.

24.     I have prepared a verdict form for you, for your use, and that will be sent into the jury room with you. And after you have reached a unanimous verdict, your foreperson will fill out the form, sign it, and date it, and then advise the Court, through the marshal, that you are ready to return to the courtroom.

As I have mentioned, in order to return a verdict, you all must agree as to what that verdict will be. You cannot return a verdict for either party unless your decision is unanimous. Therefore, there are two things you should keep in mind during the course of your deliberations.

First, listen carefully to what your fellow jurors have to say, and be open-minded enough to change your opinion if you become convinced that your opinion was incorrect.

On the other hand, recognize that each of you has an individual responsibility to vote for the verdict that you believe is the correct one based on all the evidence in the case and the law as I have just explained it. So you should have the courage to stick to your opinion even though some or all the other jurors may disagree with you as long as you have listened to their views with an open mind.

25.    If any reference that I have made or that counsel have made to any matters of evidence does not coincide with your recollections, it is your recollection that controls your deliberations.

26.    Occasionally jurors want to rehear testimony.  I want you to understand that generally your collective recollections should be sufficient for you to be able to deliberate effectively.  However, if you feel that you need to rehear testimony, I will consider your request. I want you to keep in mind that this is a time-consuming and difficult process.  So if you do think you need it, it is important that you consider the request very carefully, and that you be as specific as you possibly can be.

27.     That completes my instructions to you, ladies and gentlemen.  As I mentioned, I will be sending you a copy of the instructions into the room with you.  You understand that the instructions I have given to you here from the bench, and the written copy of the instructions which I am going to send into the room with you are really meant as a guide to assist you during the course of your deliberations.