## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC.,     ) | |
|     ) | |
| Plaintiff,     ) | |
|     ) | |
| v.     ) | Civil Action No. 09-cv-11414 (RWZ) |
|     ) | |
| VLINGO CORP.,     ) | |
|     ) | |
| Defendant.     ) | |

## DEFENDANT VLINGO CORPORATION'S
## MOTION FOR JUDGMENT AS A MATTER OF LAW

Further to its oral motion made in Court yesterday, defendant, Vlingo Corporation ("Vlingo"), moves for judgment as a matter of law that it is not liable for infringement. For the reasons set forth below, Vlingo requests that this motion be granted.

## I.   BACKGROUND

All of asserted claims 1, 2, 6, 16, 19, 25, 30, 37, 45 and 51 of U.S. patent number 6,722,295 ("the '295 patent") claims include the following limitations:

1. obtaining a sample/utterance of the speaker's speech;

2. incorporating a sample of the speaker's speech/utterance into the speech recognition system; and

3. speaker-specific/cluster-specific.

*See* Ex. A, cols. 8-12. As plaintiff, Nuance Communications, Inc. ("Nuance") has failed to demonstrate by a preponderance of the evidence that the accused products incorporate each of these elements, judgment as a matter of law in favor of Vlingo should be granted. *See London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1538 (Fed. Cir.1991) ("[t]here can be no

1

infringement as a matter of law if a claim limitation is totally missing from the accused device") (citation omitted).

## II.    LEGAL STANDARD

Judgment as a matter of law is appropriate under Fed. R. Civ. P. 50 when "a party has been fully heard on an issue during a jury trial and the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1); *see, e.g. Old Town Canoe Co. v. Confluence Holdings Corp.*, 448 F.3d 1309, 1311 (Fed. Cir. 2006) (affirming judgment as a matter of law of non-infringement). In reviewing the record for purposes of a Rule 50 motion, a court "may not take into consideration the credibility of witnesses, resolve conflicts in testimony, or in any other manner weigh the evidence." *Alvarez-Fonseca v. Pepsi Cola of P.R. Bottling Co.*, 152 F.3d 17, 23 (1st Cir. 1998). A court does "assume the veracity, however, of any admissions made and stipulations entered into by the party opposing the Rule 50 motion, as well as any evidence derived from disinterested witnesses that has not bee contradicted or impeached." *Id.* (citations omitted.).

An infringement analysis is a two-step process. *Netword, LLC v. Centraal Corp.*, 242 F.3d 1347, 1350 (Fed. Cir. 2001). First, the Court must construe the asserted claims to determine their scope. *Id.* Second, the construed claims must be compared to the accused device. *Id.* Literal infringement requires that each and every claim limitation be present in the accused device; the absence of even a single claim limitation precludes a finding of literal infringement of that claim. *See, e.g., Old Town Canoe*, 448 F.3d 1314.

To establish infringement under the doctrine of equivalents, the patentee must show, for each element of the claim not literally present in the accused product, that the accused

product has a component that is substantially equivalent to that missing element. *Graver Tank & Manufacturing Co. v. Linde Air Products Co.,* 339 U.S. 605, 608 (1950). For infringement by equivalency, every element of the claimed invention must either be present or have an equivalent in the accused product. *Netword,* 242 F.3d at 2354. If even one element is missing in the accused device, there can be no infringement, whether literal or by equivalence. *See, e.g., Pennwalt Corp. V. Durand-Wayland, Inc.,* 833 F.2d 931, 936 (Fed. Cir. 1987), *cert. denied,* 485 U.S. 961 (1988). "If a theory of equivalence would vitiate a claim limitation, however, there can be no infringement under the doctrine of equivalents as a matter of law." *Tronzo v. Biomet, Inc.,* 156 F.3d at 1154, 1160 (Fed. Cir. 1998).

## III.   ARGUMENT

It is "well settled that each element of a claim is material and essential, and that in order for a court to find infringement, the plaintiff must show the presence of every element or its substantial equivalent in the accused device." *London v. Carson Pirie Scot,* 946 F.2d at 1538 (citation omitted). Thus, "[t]here can be no infringement as a matter of law if a claim limitation is totally missing from the accused device." *Id.* at 1539 (citation omitted). The accused Vlingo systems lack at least the claim elements set forth below. Accordingly, judgment of non-infringement as a matter of law should be granted.

### A.   NUANCE HAS FAILED TO PROVE LITERAL INFRINGEMENT

Nuance has failed to prove by a preponderance of the evidence that the accused Vlingo products incorporate at least one, and for some claims, more than one, of the following elements set forth in the claims:

1. obtaining a sample of the speaker's speech;

2. incorporating a sample of the speaker's speech/utterance into the speech recognition system; and

3

3.  speaker-specific/cluster-specific.

1.  <u>Vlingo's Products Do Not Obtain a Sample of the Speaker's Speech.</u>

All of the asserted claims of the '295 patent require that the system obtain a sample of the speaker's/speakers' speech. *See* Ex. A, cols. 8-12.  During claim construction, the parties agreed that the term "sample" means "a single item or items from a larger whole or group." *See* Dkt. No. 77, p. 2.  As set forth in the claims of the '295 patent, the "sample" referred to is a sample of the speaker's/speakers' speech. *Id.*  Thus, in order to satisfy this element of the claims, the accused Vlingo products must obtain, from the whole of the speaker's speech or group of speakers' speech, only a sample thereof.  The accused Vlingo products do not obtain such a "sample."  Rather, Vlingo's products obtain and use the entirety of the speaker's speech.

Nuance's expert, Dr. Walker, did not disagree with Mr. Phillips' description of how Vlingo's products work.  Instead, Dr. Walker testified that the entirety of the speaker's speech satisfies this element because it is a "sample" of everything the speaker has previously said in his/her life.  This interpretation of "sample" is not supported anywhere in the specification or claims of the '295 patent and should be rejected as legally erroneous.  As a result, Nuance has not proved by a preponderance of the evidence that the accused products obtain a sample of the speaker/speakers' speech.  As the accused products do not perform or include this element of the claims judgment of non-infringement as a matter of law should be granted.

2.   <u>Vlingo's Products Do Not Incorporate a Sample of the Speaker's Speech Into the System.</u>

All asserted claims of the '295 patent include the element of incorporating the sample of the speaker's speech into the speech recognition system. *See* Ex. A, cols. 8-12.  As Mr. Phillips testified, the accused products do not incorporate samples of the speaker'/speakers' speech into the system.

Neither can Nuance argue that the accused Vlingo products perform or include this element under the doctrine of equivalents.  During prosecution of the '295 patent application, in an Amendment dated January 8, 2004, the inventors expressly distinguished their invention from systems that do not incorporate the sample into the system.

> Besling teaches that the input user sample is not actually incorporated into an existing acoustic model.   Therefore, Besling does not teach incorporating an input user sample into the adaptation profile, and therefore also does not teach incorporating the input user sample into the recognition model generated using the adaptation profile.   Further, Besling does not teach incorporating the input user sample into the recognition model generated using the adaptation profile. Further, Besling does not teach incorporating the input user sample into the recognition model to form a modified recognition model specifically associated with the user.

Ex. B (excerpt from Trial Exhibit 129), p. 12.

Having distinguished their own invention from the prior art in this manner, the inventors and Nuance are estopped from now arguing that Vlingo's system which does not incorporate the sample is equivalent to the claimed invention that requires that the sample be incorporated. *Festo*, 535 U.S. at 734-737.

3.   <u>Vlingo's Products Are Not Speaker-Specific.</u>

Claims 1, 2, 6, 30, 37, 45, and 51 all require the modified system to be speaker-specific. *See* Ex. A, U.S. Patent No. 6,766,295. The Court has construed the term "speaker"

to mean "the person who is doing the speaking." Dkt. No. 77, p. 2.  Therefore, the phrase "speaker-specific clearly means "specific to the person who is doing the speaking." All of the evidence in this case incontrovertibly shows that Vlingo's system (whether using the IBM speech recognition engine or the AT&T speech recognition engine) cannot modify itself to be speaker-specific.  To the contrary, Vlingo's expert, Dr. Cohen, testified explicitly that Vlingo cannot modify its speech recognition system to be speaker-specific. T.T., Day 12, 2nd Session, p.23 line 19 - p.25 line 20.  Dr. Walker, Nuance's expert, did not contradict Dr. Cohen's testimony.  In fact, he admitted that Vlingo's system is device-specific. *See, e.g.*, T.T., Day 14, 2nd Session, p.40 line 21 – p.41 line 3. In addition, Nuance is precluded from relying on the doctrine of equivalents. T.T., Day 14, 2nd Session, p.11 line 3-13.  Therefore, there is no evidence that Vlingo's system is speaker-specific as required by all of the claims. Accordingly, Vlingo is entitled to judgment as a matter of law on this issue.

Neither has Nuance proved that Vlingo's system is cluster-specific.  The Court has defined "obtaining the identification of a cluster of speakers" to mean "obtaining an identification of a group of speakers without limitation as to how the identification is obtained." Dkt. No. 77, p. 2.  Therefore, "cluster of speakers" means "group of speakers" All of the evidence educed at trial shows that Vlingo's system is incapable of making models specific to a group of speakers.  To the contrary, Vlingo's system is, if anything, specific to devices, not speakers. T.T., Day 12, 2nd Session, p.23 line 19 - p.25 line 20.  It is axiomatic that devices are not speakers. In addition, Nuance is precluded from relying on the doctrine of equivalents for this claim limitation. T.T., Day 14, 2nd Session, p.11 line 3-13.. Therefore, Nuance has failed to offer sufficient evidence that Vlingo's accused system

modifies acoustic models to make them cluster specific. Accordingly, Vlingo is entitled to judgment as a matter of law on this issue.

## B. NUANCE HAS FAILED TO PROVE INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

Nuance has utterly failed to prove that the accused Vlingo products infringe the '295 patent under the doctrine of equivalents. As it concedes in one of its recent filings, Nuance did not introduce evidence of infringement under the doctrine of equivalents in its case-in-chief. *See* Dkt. No. 345, p. 1.[1] Nuance was properly precluded from introducing such evidence in its rebuttal case. Nuance is also precluded from arguing infringement under the doctrine of equivalents due to repeated disavowals of claim coverage made during prosecution of the '295 patent. *See* Dkt. No. Accordingly, judgment should be entered in favor of Vlingo on the issue of infringement under the doctrine of equivalents.

## C. NUANCE HAS FAILED TO PROVE INDIRECT INFRINGEMENT

Nuance has also failed to introduce sufficient evidence on the issue of indirect infringement. With respect to contributory infringement, Nuance was required to prove, *inter alia*, that each of the accused products was "especially made or especially adapted for use in an infringement of [the '295] patent, and not a staple article or commodity of commerce suitable for substantial non-infringing uses." *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F3d 1301, 1320 (Fed. Cir. 2009), *cert. denied,* 130 S. Ct. 3324 (2010). The IBM and AT&T engines are staple articles of commerce and Nuance did not prove otherwise. They are not specifically made for use by Vlingo. Thus, Nuance failed to offer any such evidence.

---

[1] Nuance states that the Court requested Nuance to postpone its equivalents evidence until rebuttal. *Id.* That is incorrect. The Court precluded Nuance from presenting evidence of equivalents because Dr. Walker had failed to disclose such a theory in his expert reports.

With respect to induced infringement, Nuance was required to prove, *inter alia*, "that [Vlingo's] actions induced infringing acts and that [Vlingo] knew or should have known [its] actions would induce actual infringements." *Id.* at 1321-22. Inducement "requires evidence of culpable conduct" by Vlingo. *Id.* at 1322. Nuance failed to demonstrate that Vlingo knew or should have known that its conduct infringed the '295 patent. Likewise, Nuance failed to show any culpable conduct by Vlingo. Thus, Nuance failed to prove that Vlingo induced any infringement of the '295 patent.

In addition to the foregoing, as a predicate for even arguing that Vlingo contributorily infringed or induced infringement of the '295 patent, Nuance had to prove direct infringement by another party using Vlingo's accused products. *Id.* at 1320-22. Nuance failed to prove that any of Vlingo's customers directly infringed the '295 patent. As a result, judgment should be entered in favor of Vlingo on Nuance's claims of indirect infringement.

## IV.   CONCLUSION

For the reasons set forth above, judgment as a matter of law should be entered in favor of Vlingo.

Respectfully submitted,

**VLINGO CORP.**

Dated:  August 9, 2011

/s/ Dean G. Bostock
Paul J. Hayes, BBO# 227000
Dean G. Bostock, BBO# 549747
**HAYES BOSTOCK & CRONIN LLC**
300 Brickstone Square, 9th Floor
Andover, MA  01810
Tel:  978-809-3850
Fax:  978-809-3869
Email: phayes@hbcllc.com
         dbostock@hbcllc.com

ATTORNEYS FOR DEFENDANT
VLINGO CORPORATION

CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 9, 2011.

/s/ Dean G. Bostock